# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GS HOLISTIC LLC,

                Plaintiff,         :       Case No. 1:23-cv-748


                                         District Judge Walter H. Rice
   -  vs  -                          Magistrate Judge Michael R. Merz


WIRELESS & SMOKE, LLC, et al.

                Defendants.        :

---

# REPORT AND RECOMMENDATIONS

---

      This case is before the Court on Plaintiff's Second Motion to Dismiss the Counterclaim (ECF No. 13) which Defendants oppose (ECF No. 15). The time within which Plaintiff might have filed a reply memorandum under S. D. Ohio Civ. R. 7.2 has expired but no reply has been filed. The Motion is therefore ripe for decision. A motion to dismiss is dispositive within the meaning of Fed.R.Civ.P. 72, requiring a recommended decision from an assigned Magistrate Judge.

      Plaintiff brings its motion under Fed.R.Civ.P. 12(b)(6), asserting that the Counterclaim fails to state a claim upon which relief can be granted. The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court as follows:

>       Factual allegations must be enough to raise a right to relief above
> the speculative level, see 5 C. Wright & A. Miller, Federal Practice

1

and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Doe v. Miami University*, 882 F.3d 579 (6th Cir. 2018), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), in turn quoting *Twombly*, 550 U.S. at 570.

[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting

> *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007)(acknowledging the Supreme Court's disavowal of the *Conley* rule, and the *Twombly* Court's advice that it "best [be] forgotten as an incomplete, negative gloss on an accepted pleading standard" quoting *Twombly*, 550 U.S. at 563).In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion  to dismiss we must take all of the factual

3

allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009), *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.) Defendants' Counterclaim must be evaluated under this standard.

**First Claim:  Extortion**

Defendants note that Ohio law allows a party to file a civil action for violations of the criminal law (Counterclaim, ECF No. 6, PageID 34 citing *Buddenbberg v.Weisdack,* 161 Ohio St. 3d 160, 2020-Ohio-3832[1] (2020)).  The *Buddenberg* court held, on a certified question from the Northern District of Ohio, that Ohio Revised Code § 2307.60 creating a civil cause of action for injuries based on a "criminal act" does not require an underlying criminal conviction.  In doing so, the court followed and expanded on its holding in *Jacobson v. Kaforey*, 149 Ohio St.3d 398, (2016), that Section 2307.60 "independently authorizes a civil action for damages caused by criminal acts."

Defendants' First Claim for Relief reads in relevant part:

> 12. Plaintiff, GS Holistics, LLC. has engaged in a pattern of extortion and defamation against smokeshop owners, mainly of Middle Eastern descent, throughout the United States filing spurious lawsuits and then by letter offering market relationships with proposed settlement figure of $15,000.00 which is a disguised licensing fee, to the targeted smokeshop owners,
>
> 16. The Plaintiff has used the threat of legal action and the filing of legal actions to force the payment of a licensing fee and to establish a business relationship with the Plaintiff,
>
> 17. As a result of the Plaintiff's actions, Defendants removed several legitimately purchased items from their stock totaling the lost purchase price of $80.00,
>
> 18. The Plaintiff has damaged the reputation of the Defendants by falsely accusing them of willful and ongoing conduct in violation of the trademark laws,

---

[1] Defendants incorrectly cite the case as appearing at 202**2**-Ohio-2832.

20. The Plaintiff has repeatedly violated the provisions of ORC
2907.12,

(Counterclaim, ECF No. 6, PageID 33-35).

Ohio Revised Code § 2907.12, the statute cited by Defendants, criminalizes felonious
sexual penetration and has nothing to do with the subject matter of this case[2]. Ohio Revised Code
§ 2905.11 criminalizes extortion and provides:

(A) No person, with purpose to obtain any valuable thing or
valuable benefit or to induce another to do an unlawful act,
shall do any of the following:

(1) Threaten to commit any felony;
(2) Threaten to commit any offense of violence;
(3) Violate section 2903.21 or 2903.22 of the Revised
Code;
(4) Utter or threaten any calumny against any person;
(5) Expose or threaten to expose any matter tending to
subject any person to hatred, contempt, or ridicule, or to
damage any person's personal or business repute, or to
impair any person's credit.

(B) Whoever violates this section is guilty of extortion, a felony of
the third degree.

(B) As used in this section, "threat" includes a direct threat and a
threat by innuendo.

Comparing Defendants' First Claim for Relief with the text of Ohio Revised Code §
2905.11, the Magistrate Judge concludes the First Claim does not state a claim for relief for the
criminal act of extortion with the specificity required by *Iqbal*. All Defendants do is to assert

---

[2] Indeed, if filing a pleading in a federal lawsuit can constitute calumny, a plain reading of the First Claim for Relief
would be that it accuses Plaintiff of multiple acts of felonious sexual penetration. Careful citation checking is
always worthwhile.

conclusions, not specific facts that are extortionate.  In particular, accusing another of trademark infringement and offering to settle a lawsuit based on that accusation are not extortionate.

Black's Law Dictionary does not provide a definition of calumny.  Webster's Third defines calumny as making a false accusation with intent to harm.  Brian Garner writes:

> Calumny is a somewhat old-fashioned equivalent of defamation.  Calumny may refer to either (1) the act of falsely and maliciously misrepresenting the word or actions of others, calculated to injure their reputations (OED) or (2) the false charges or imputations themselves.  Although this term was used at common law as a technical legal word, today it is more literary than legal.

Garner, Modern Legal Usage Second at 127.  The Magistrate Judge assumes the General Assembly used the word with its ordinary meaning as given by the Oxford English Dictionary[3].

Plaintiff's Complaint accuses Defendants of trademark infringement.  To interpret what Plaintiff has done as extortion without some factual allegation of threat beyond what is made in the Complaint would tread heavily on Plaintiff's constitutionally protected access to the courts.  Plaintiff has a clear right to bring to this Court claims of infringement of its registered trademarks.  To hold that it has committed extortion without more than the mere allegation of filing suit and offering to settle would undermine the very purpose of having a court system.

Because Defendants have not pleaded any facts beyond the mere filing of suit and offer to settle, their First Claim for Relief fails to state a claim upon which relief can be granted and should be dismissed under Fed.R.Civ.P. 12(b)(6).

---

[3] This assumption is consistent with the Ohio Supreme Court's mode of interpreting statutes.  See *Buddenberg*, *supra*, at ¶¶ 10-11.

**Second Claim:  Abuse of Process**

In their Second Claim for Relief, Defendants assert Plaintiff filed this lawsuit with the "ulterior motive of forcing a business relationship and obtaining a licensing fee," (ECF No. 6, PageID 35).

The Second Claim for Relief is as devoid of factual specificity as the First.  There is nothing "ulterior" about Plaintiff's offer to settle the case in return for Defendants paying a licensing fee. Defendants have not alleged any abusive behavior by Plaintiff aside from alleging it has vigorously defended its asserted trademark rights by suing others who have allegedly purchased and re-sold counterfeit goods.  In itself there is no alleged abuse in those acts.  The Second Ground for Relief should be dismissed on the same basis as the First.

**Third Claim for Relief:  Civil RICO**

In their Third Claim for Relief, Defendants attempt to assert a civil RICO violation. However, they admit in their Memorandum in Opposition that they have omitted a necessary element of such a claim (ECF No. 15, PageID 86-87).  While they assert this deficiency could be cured by amendment, they have not moved to amend their counterclaim.  As it stands, the Third Claim for Relief fails to state a claim of a civil RICO violation and should be dismissed for failure to state such a claim.

**Fourth Claim for Relief:  Fraud**

In their Fourth Claim for Relief, Defendants assert Plaintiff has committed fraud.  The entirety of the Fourth Claim reads:

> 29. Defendants repeat paragraphs 1 through 28 as if fully re-written herein,

> 30. The Plaintiffs have willfully and premeditatedly utilized the tactic of threatening and using the legal process against numerous small business owners, many of Middle Eastern descent, including the Defendants herein, in multiple states as a maneuver and to force licensing agreements,

(ECF No. 6, PageID 36).

Fed.R.Civ.P. 9(b) requires that fraud be pleaded with particularity.  Under Fed. R. Civ. P. 9(b), a fraud plaintiff must plead the time, place, and contents of misrepresentation.  *Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984).  The elements of an action in actual fraud in Ohio are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69 ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167 (1984).

On its face, Claim Four does not even begin to satisfy this pleading standard. In defending their pleading, Defendants rely upon having incorporated by reference paragraphs 1 through 28 of

their pleading, without specifying to the Court in which of those paragraphs they have purportedly satisfied the fraud pleading requirements.

Defendants' pattern of "incorporating by reference" all the prior paragraphs of the counterclaim mirrors a very common pleading practice of lawyers in this Court. Plaintiff urges the Court to dismiss Claims Two, Three, and Four on this basis, to wit, that they are "shotgun pleadings." (Motion, ECF No. 13, PageID 79-80, citing *Lee v. Ohio Education Assn*., 951 F. 3d 386 (6th Cir. 2020)). *Lee* is not directly in point because the pleading it censured bunched a number of causes of action in one sentence.

Nonetheless, *Lee* provides a principled basis for evaluating Claim Four because it found Lee's pleading did not satisfy Fed.R.Civ.P. 8(a)(2) because she

> failed to "connect specific facts or events with the various causes of action she asserted." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013). This violated Rule 8(a)(2)'s requirement that she provide the defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

951 F. 3d at 392-93. Defendants Claim Four suffers from the same deficiency in that it fails to give Plaintiffs fair notice of specifically what acts are alleged to constitute fraud. This is particularly inappropriate given Rule 9(b)'s particularity requirement.

Because it fails to state a claim for relief for fraud in the manner required by the Federal Rules of Civil Procedure, Claim Four should also be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Defendants' Counterclaim be dismissed without prejudice under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

September 6, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #