THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,

    Plaintiff/Counter-
    Defendant,

v.

WIRELESS AND SMOKE LLC,
d/b/a ZAZA WIRELESS AND
SMOKE, et al.,

    Defendants/
    Counterclaimants.

Case No. 1:23-cv-748

Judge Walter H. Rice
Mag. Judge Michael R. Merz

---

ORDER ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #16) AND OVERRULING OBJECTIONS THERETO OF DEFENDANT/COUNTERCLAIMANT WIRELESS AND SMOKE LLC, d/b/a ZAZA WIRELESS AND SMOKE, AND MOHAMMAD FARHAN (DOC. #17); PLAINTIFF/COUNTER-DEFENDANT GS HOLISTIC'S MOTION TO DISMISS COUNTERCLAIM (DOC. #13) IS SUSTAINED; DEFENDANTS' COUNTERCLAIM (DOC. #6) IS DISMISSED WITHOUT PREJUDICE TO REFILING WITHIN TWENTY-EIGHT (28) DAYS OF ENTRY

---

This case is before the Court on Plaintiff/Counter-Defendant GS Holistic, LLC's Motion to Dismiss the Counterclaim filed against it by Defendants/Counterclaimants Wireless and Smoke LLC, d/b/a Zaza Wireless and Smoke, and Mohammad Farhan (Motion, Doc. #13, citing Counterclaim, Doc. #6), the Report and Recommendations of Magistrate Judge Michael R. Merz, recommending that the Counterclaim be dismissed without prejudice (Doc. #16), and Defendants'

Objections to the Report (Doc. #17). For the reasons set forth below, the Report is ADOPTED, the Objections are OVERRULED, the Motion is SUSTAINED, and the Counterclaim is DISMISSED WITHOUT PREJUDICE to refiling within twenty-eight days.

## I.   Factual Background and Procedural History

As Plaintiff's Motion arises under Rule 12(b)(6), the Court treats as true all well-pleaded factual allegations in the Counterclaim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff claims that it sells its products across the country under the "G Pen" brand, for which it has several trademarks. (Compl., Doc. #1, PAGEID 3-6, ¶ 11). It accuses Defendants of selling "counterfeit G Pen products with the G Pen trademarks and without the consent of GS[,]" thereby infringing upon four of Plaintiff's trademarks (*Id.* at PAGEID 8-9, ¶¶ 24-25). Plaintiff sought relief under the Lanham Act of 1946. (*Id.* at PAGEID 13-15, ¶¶ 51-68, citing 15 U.S.C. §§ 1114, 1125(a)).

Defendants deny the allegations in the Complaint (Doc. #6, PAGEID 32) and assert four claims in their Counterclaim. In Claims One and Two, extortion and abuse of process, respectively, Defendants claim that Plaintiff's suit against them was part of a pattern of behavior by which it files dubious lawsuits and then uses settlement agreements to coerce defendants into paying Plaintiff licensing fees, which Plaintiff has fraudulently represented as settlement agreements. (*Id.* at PAGEID 33-34, ¶ 12). Defendants claim that Plaintiff's conduct is subject to damages even in the absence of a criminal indictment. (*Id.* at PAGEID 34, 35 ¶¶

2

15, 23-25, citing OHIO REV. CODE § 2307.60; *Buddenberg v. Weisdack*, 161 Ohio St. 3d 160, 2020-Ohio-3832). Defendants also claimed that Plaintiff's conduct violated the civil provisions of the Racketeering Influenced and Corrupt Organizations Act of 1970 ("RICO") (Claim Three) and constituted fraud (Claim Four). (*Id.* at PAGEID 35-36, ¶¶ 26-31; *accord*: U.S.C. §§ 1962, 1964, 1965(a) (Civil RICO provisions)).

Plaintiff moved to dismiss the Counterclaim, arguing that none of the actions it allegedly undertook against Defendants could constitute extortion under Ohio law. (Doc. #13, PAGEID 71). Specifically, Plaintiff asserts that Defendants:

> [A]re unable to claim that the Counter Defendants: (1) threatened to commit any felony; (2) threatened to commit an act of violence; (3) menaced (by threatening to cause physical harm) anyone; uttered or threatened to denigrate anyone; or (5) [*sic*] exposed or threatened to expose anything which could expose anyone to hatred, contempt, or ridicule, or to damage any person's personal or business repute, or to impair any person's credit.

(*Id.* at PAGEID 71-72, citing OHIO REV. CODE § 2905.11). Plaintiff claims that, in the absence of such allegations, the extortion counterclaim must be dismissed. (*Id.* at PAGEID 72). As to Claim Two, abuse of process, Plaintiff notes that the only abusive action alleged by Defendants is the filing of the instant lawsuit. (*Id.* at PAGEID 73). However, the filing of a lawsuit in the federal district court where the alleged malfeasance took place is the proper means by which Plaintiff can protect the integrity of its trademarks under the Lanham Act, and absent any claim that "the proceeding has been perverted to attempt to accomplish an ulterior motive for which it was not designed[,]" an abuse of process claim will not lie. (*Id.*

3

at PAGEID 72-73 (internal quotation marks omitted), quoting *Gillman v. Schlagetter*, 777 F. Supp. 2d 1084, 1098 (S.D. Ohio 2010) (Rose, J.)).

Plaintiff argues that Claim Three, violation of Civil RICO provisions, suffers from several facial defects. *First*, Defendants failed to describe the two alleged predicate criminal acts, much less how they "are related and whether any two predicate acts pose a threat of continued criminal activity." (Doc. #13, PAGEID 76-77, citing 18 U.S.C. § 1961(5); *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). *Second*, Defendants failed to allege the existence of a criminal enterprise; Plaintiff claims that, absent some level of coordination between GS Holistic and another individual or entity, mere bad conduct by Plaintiff—even if criminal—cannot constitute "racketeering activity" and, thus, a RICO violation. (*Id.* at PAGEID 74-75, citing 18 U.S.C. §§ 1961(3-4), 1962(c); *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000)). Finally, Plaintiff asserts that Defendants have failed, essentially, to allege the "who, what, when, where, and how" of Plaintiff's supposedly fraudulent conduct, and, thus, have failed to meet the requirement that fraud be pleaded with particularity. (*Id.* at PAGEID 78-79, quoting *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012); citing FED.R.CIV.P. 9(b)).[1]

---

[1] Alternatively, Plaintiff argues that that the counterclaim' should be dismissed because Claims Two through Four "incorporate the allegations of every prior count. This kind of pleading violates [Rule] 10(b) by failing to separate each claim for relief into separate counts." (Doc. #13, PAGEID 79,

4

As to Claim One, Defendants note that Plaintiff does not deny making identical $15,000 settlement demands in numerous other cases, and argue that that fact must be construed in Defendants' favor as Plaintiff having "uttered a calumny and exposed these foreign [nationals] . . . to accusations of breaking the law and of acting in underhanded ways in their businesses[,] which allegations do fall within the description of extortion under 2905.11(A)(5)." (Memo. in Opp., Doc. #15, PAGEID 85). As to Claim Two, Defendants emphasize their allegations that the instant suit is a thinly-disguised ploy to extract a licensing fee for Plaintiff, and that Defendants have suffered financially. Thus Defendants argue that they have adequately alleged the factual bases of an abuse of process claim. (*Id.* at PAGEID 85-86). For Claim Three, Civil RICO, Defendants claim that, while they did not plead "a person separate from the enterprise[,] . . . GS Holistic as a for-profit corporation is an enterprise." Further, Defendants assert that they are now aware of Plaintiff's agents allegedly offering the payoff and disguised licensing agreement, and that those agents constitute the ongoing enterprise. (*Id.* at PAGEID 86-87, citing *Cedric Kushner*, 533 U.S. 158). Finally, as to fraud, Claim Four, Defendants argue that they identified the false or reckless statements made by Plaintiff regarding Defendants' alleged violations of Plaintiff's trademarks with sufficient specificity to proceed to discovery. (*Id.* at PAGEID 87).

---

citing *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020)). The Magistrate Judge rejected this argument, noting that "Defendants' pattern of 'incorporating by reference' all the prior paragraphs of the counterclaim mirrors a very common pleading practice of lawyers in this Court." (Doc. #16, PAGEID 99). The Court agrees and concludes that Defendants' Counterclaim, although facially deficient, complies with Rule 10(b).

5

On September 6, 2024, the Magistrate Judge issued the Report, concluding that none of the four claims in the Counterclaim satisfies the pleading standards of Rules 8(a) and 9(b) and the "plausible on its face" standard for pleadings set forth in *Iqbal* and *Bell Atlantic Corp. v. Twombly*. (Doc. #16, PAGEID 92-93, 100, quoting *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. 544, 555 (2007)). As to Claim One, the Magistrate Judge noted that the only thing Plaintiff allegedly did was file suit accusing Defendants of trademark infringement. (*Id.* at PAGEID 96). Absent some allegations that Plaintiff made "a false accusation with intent to harm[,]" GS Holistic did nothing more than exercise its right to bring suit over violation of federal law; such exercise is, by itself, insufficient to support a claim of extortion. (*Id.*). As to Claim Two, abuse of process, the Magistrate Judge concluded that, contrary to Defendants' argument, Plaintiff's alleged actions— suing for trademark infringement and offering to settle the case for a set amount of money, as part of a nationwide litigation strategy—evince no ulterior motive, and thus, there can be no abuse of process. (*Id.* at PAGEID 97). The Magistrate Judge concluded that Plaintiffs' concession—that it had not named an entity besides GS Holistic itself, and thus, had failed to allege an enterprise—meant that it had not alleged a plausible Civil RICO claim, and, consequently, Claim Three must be dismissed. (*Id.*).

Finally, as to Claim Four, the Magistrate Judge set forth the elements of a fraud claim under Ohio law:

6

> (a) [A] representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

(*Id.* at PAGEID 98, quoting *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 55 (1987)). He then concluded that Defendants' only allegation with respect to fraud—that "Plaintiffs have willfully and premeditatedly utilized the tactic of threatening and using the legal process against numerous small business owners"—" does not even begin to satisfy this pleading standard." (*Id.*, quoting Doc. #6, PAGEID 36, ¶ 30; citing FED.R.CIV.P. 9(b)). As Defendant had failed to state a claim upon which relief could be granted, the Magistrate Judge recommended dismissing the Counterclaim in its entirety. (*Id.* at PAGEID 100, citing FED.R.CIV.P. 12(b)(6)).

On Objections, Defendants argue that the Magistrate Judge ignored the numerous similar cases initiated by Plaintiff in other jurisdictions, how this case is part of a nationwide shakedown by Plaintiff to force retailers to pay Plaintiff a licensing fee, and that, taken together, Plaintiff's alleged actions constitute colorable claims of extortion and abuse of process. (Doc. #17, PAGEID 101-02). They also claim that their allegation that Plaintiff's agents, even if unknown at this point, were operating independently of the enterprise, GS Holistic, is sufficient to state a Civil RICO claim. (*Id.* at PAGEID 102-03). Finally, Defendants assert that they have pleaded the fraud claim with requisite specificity. (*Id.* at PAGEID 103).

Plaintiff filed no response. The matter is ripe for decision.

## II. Legal Standards

Plaintiff's Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b)(1), under which the latter "must enter a recommended disposition," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(1-2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In claims of fraud, however, "a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED.R.CIV.P. 9(b). The United States Court of Appeals for the Sixth Circuit has interpreted Rule 9(b) to require a claimant to specify the "who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal quotation marks and citation omitted).

8

Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id*. at 679.

9

### III. Analysis

#### A. Counterclaim

To sustain a claim for extortion (Claim One) under Ohio law, a claimant must plausibly allege that the person: (1) committed or threatened to commit a felony or crime of violence, (2) committed criminal menacing, (3) made false or defamatory statements, or (4) "Expose[d] or threaten[ed] to expose any matter tending to subject any person to hatred, contempt, or ridicule, or to damage any person's personal or business repute, or to impair any person's credit." OHIO REV. CODE § 2905.11. While Defendants make a conclusory allegation that Plaintiff has engaged in a pattern of extortion and defamation against smokeshop owners," (Doc. #6, PAGEID 33, ¶ 12), they do not allege that Plaintiff committed a felony or a crime of violence, engaged in menacing[2], or exposed Defendants to ridicule.

Indeed, the only statements identified even vaguely are that Plaintiff's complaints filed here and elsewhere "are predominately marketing brochures" filled with "grandiose assertions about their products," (Doc. #6, PAGEID 34, ¶ 14), and that Plaintiff allegedly offer to settle the case for $15,000, but that the settlement was a disguised marketing fee. (*Id.* at PAGEID 33-34, ¶ 12). Defendants do not identify specifically any portion of the Complaint with respect to the first set of statements. However, any "grandiose assertions" would not be obvious falsehoods under defamation law, and there is no indication from Claim

---

[2] Defined as "knowingly caus[ing] another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." OHIO REV. CODE § 2903.22(A).

10

One how Defendants could be harmed by them. As to the second set, Defendants do not claim that Plaintiff's alleged settlement demand was false—*i.e.*, that Plaintiff would not dismiss the suit against Defendants if they paid Plaintiff $15,000. If Plaintiff attempted to convert a settlement agreement into a licensing agreement without Defendants' consent, then Defendants could file an action for breach of contract or fraud *with respect to the settlement agreement*. However, at this time, given that Defendants have identified no false or defamatory statements made by Plaintiff, they cannot sustain an extortion claim as pleaded, and Claim One must be dismissed.

Defendants concede that Claim Two, abuse of process, is closely tied with Claim One, and rests on "the mandatory licensing [fee] insisted upon by Plaintiff[.]" (Doc. #17, PAGEID 102). Defendants have alleged nothing more than Plaintiff filing numerous cases and then making settlement demands that contain licensing agreements therein. (Doc. #6, PAGEID 35, ¶23). In other words, Plaintiff has done exactly what numerous civil litigants do every day in District Courts across the country, and its alleged conduct cannot be considered nefarious or tortious. Without more, Plaintiff cannot be liable for abuse of process, and the Court therefore dismisses Claim Two.

The Magistrate Judge recommended dismissing Claim Three, Civil RICO, because Defendants, by their own admission, had failed to identify any enterprise through which racketeering activities occurred, and, thus, had failed to allege an essential element of a RICO claim. (Doc. #16, PAGEID 97, citing Memo. in Opp.,

Doc. #15, PAGEID 86-87). While Defendants on Objections seem to argue that Plaintiff's agents, along with Plaintiff itself, constituted the criminal enterprise (Doc. #17, PAGEID 102-03), such allegations are nowhere to be found in the Counterclaim. Nor is there any allegation in the Complaint of Plaintiff's agents doing anything. If Defendants wish to allege that Plaintiff and its agents together constituted a criminal enterprise, it may do so in an amended counterclaim, but as there is no viable cause of action as pleaded, Claim Three must be dismissed.

Finally, Defendants argue that they allege that Plaintiffs "falsely or at the very least, recklessly, without knowledge of their truth or falsity, with ulterior intent (as pled in the preceding paragraphs and incorporated under this cause of action) accused the Counter Plaintiffs of willfully violating their trademarks." (Doc. #17, PAGEID 103). Yet, nowhere in the Counterclaim does Defendants identify what accusations of trademark violation were made, when they were made, and by whom. Defendants have failed to put Plaintiff on notice of the gravamen of its claim, much less allege it with the requisite particularity. *Sanderson*, 447 F.3d at 877. Consequently, the Court dismisses Claim Four.

### B. Dismissal Without Prejudice

The Magistrate Judge recommends that the Counterclaim be dismissed without prejudice (Doc. #16, PAGEID 100), and Plaintiff does not object to that recommendation. The Court agrees that Defendants should have one more chance to set forth colorable claims; thus, the Counterclaim is dismissed without prejudice

12

to refiling, pursuant to the strictures of Rules 8(a) and 9(b), within twenty-eight (28) days of this Entry.[3]

## IV. Conclusion

In light of the above, the Magistrate Judge's Report (Doc. #16) is ADOPTED in full, Defendants' Objections thereto (Doc. #17) are OVERRULED, and Plaintiff's Motion to Dismiss (Doc. #13) is SUSTAINED. Defendants' Counterclaim is DISMISSED WITHOUT PREJUDICE to refiling within twenty-eight (28) days of entry.

IT IS SO ORDERED.

October 8, 2024

*Walter Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[3] As to each count in the Counterclaim, Defendants allege that they have suffered $80 in actual damages, but pray for $500,000 in punitive damages, a punitive damages ratio of 6,250:1. (Doc. #6, PAGEID 35, 36, ¶¶ 21, 25, 28, 31-32). However, the Supreme Court has held that any punitive damages ratio of 10:1 or greater would likely violate due process. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003). While the Supreme Court declined to apply a bright-line rule for when a punitive damages ratio violates due process, given that the *Campbell* Court invalidated a ratio of 145:1, *id.* at 429, it is doubtful, to say the least, that this Court could award anywhere close to the relief Defendants seek.