# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,

                Plaintiff,    :    Case No. 1:23-cv-748

                                        District Judge Walter H. Rice
- vs -                                   Magistrate Judge Michael R. Merz

WIRELESS & SMOKE LLC, et al.

                Defendants.    :

## DECISION AND ORDER

This trademark case is before the Court on Plaintiff's Motion to Strike Certain of Defendant's Affirmative Defenses, to wit, the Third, Fourth, Fifth, and Sixth Affirmative Defenses (ECF No. 20, PageID 125).

As pleaded in Defendants' Amended Answer and Counterclaim (ECF No. 19), the Third Defense is "the claims in the Complaint are barred by the applicable statute of limitations and/or the equitable doctrine of latches [sic][1]."  This pleading reproduces verbatim, including the misspelling, the Third Defense set forth in Defendants' original Answer (ECF No. 6, PageID 32). Plaintiff moved to strike that defense (ECF No. 9).  The Court granted that Motion when it was unopposed (ECF No. 11).  Accordingly, Defendants' Third Defense is barred by the law of the

---

[1] Where is Spell Correct when it is so desperately needed?

1

case doctrine. Under that doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

As pleaded in the Amended Answer, Defendants' Fourth Defense is "this Court lacks both subject matter jurisdiction and personal jurisdiction as it relates to this Defendants" and "venue is improper." (ECF No. 19, PageID 119). The same defense in the same language was pleaded in the original Answer and stricken as the Third Defense was. The Fourth Defense is thus barred by the law of the case.

In the Fifth Defense, Defendants assert Plaintiff's claims are barred by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution "and by the counterpart due process provisions of the Ohio Constitution." (ECF No. 19, PageID 119). This is a verbatim repetition of the Fifth Defense in the original Answer (ECF No. 6, PageID 33). It is likewise barred by the law of the case.

In their Sixth Affirmative Defense, Defendants assert Plaintiff has failed to join necessary parties (ECF No. 19, PageID 119).  Defendants raised the same defense in their original Answer and it was stricken as set forth above.  It is therefore barred by the law of the case.

January 10, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
