IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff/Counter-Defendant, | : | Case No. 1:23-cv-748 |
| v. | : | Judge Walter H. Rice |
| WIRELESS AND SMOKE LLC, d/b/a ZAZA WIRELESS AND SMOKE, et al., | : | Magistrate Judge Michael R. Merz |
| Defendants/Counter-Plaintiffs. | : | |

---

ORDER SUSTAINING MOTION TO DISMISS COUNTERCLAIMS BY PLAINTIFF/COUNTER-DEFENDANT GS HOLISTIC, LLC (DOC. #21); AMENDED COUNTERCLAIMS ONE, TWO, AND THREE OF DEFENDANTS WIRELESS & SMOKE, LLC, d/b/a ZAZA WIRELESS & SMOKE, AND MOHAMMAD FARHAN (DOC. #19) AND ORIGINAL COUNTERCLAIM THREE (DOC. #6) ARE DISMISSED WITH PREJUDICE; JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT ON THOSE CLAIMS

---

This case is before the Court on Plaintiff/Counter-Defendant GS Holistic, LLC's ("GS") Motion to Dismiss (Doc. #21) the Amended Counterclaims of Defendants/Counterclaimants Wireless & Smoke, LLC (Doc. #6). For the reasons that follow, Plaintiff's Motion is SUSTAINED.

I.     **Factual Background and Procedural History**

As Plaintiff's Motion arises under Rule 12(b)(6) (Doc. #21, PAGEID 130), the Court presumes as true all well-pleaded factual allegations in the Original Claim

Three (Doc. #6) and all three Amended Counterclaims. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On November 13, 2023, Plaintiff filed suit, alleging that Defendants had sold "counterfeit glass infusers bearing imitations of [Plaintiff's] G Pen Trademarks that were not made or authorized by [Plaintiff]." (Compl., Doc. #1, PAGEID 8, ¶ 24). Plaintiff accused Defendants of violating the Lanham Act of 1946, as amended, through trademark infringement (Claim One) and false designation (Claim Two). (*Id.* at PAGEID 13-15, ¶¶ 51-68, citing 15 U.S.C. §§ 1114, 1125(a)). On January 9, 2024, Defendants answered the Complaint, denying all substantive allegations. (Doc. #6, PAGEID 32, ¶¶ 1-3). Defendant also asserted the counterclaims of Extortion (Original Counterclaim One), Abuse of Process (Original Counterclaim Two), civil Racketeering Influenced and Corrupt Organizations Act violations ("Civil RICO," Original Counterclaim Three), and Fraud (Original Counterclaim Four). (*Id.* at PAGEID 33-36, ¶¶ 11-31). Plaintiff filed a Motion to Dismiss the Counterclaims (First Motion, Doc. #13), which this Court sustained on October 8, 2024. (Order, Doc. #18). Therein, the undersigned dismissed Defendants' Original Counterclaims without prejudice to refiling within twenty-eight days of entry. (*Id.* at PAGEID 117).

On November 5, 2024, Defendants filed Amended Counterclaims, removing Original Claim Three, Civil RICO, which this Court dismissed because Defendants had failed to allege the existence of a criminal enterprise. (Doc. #18, PAGEID 115-16). Defendants maintained the claims of Extortion (Amended Counterclaim One), Abuse of Process (Amended Counterclaim Two), and Fraud (Amended

2

Counterclaim Three). (Am. Answer, Doc. #19, PAGEID 119-22, ¶¶ 11-32). The three Amended Counterclaims share a common core of operative facts: Defendants assert that Plaintiff "has engaged in a pattern of extortion and defamation against smokeshop owners, mainly of Middle Eastern descent, throughout the United States filing spurious lawsuits and then by letter offering market relationships with a proposed settlement figure of $15,000.00[,] which is a disguised licensing fee[.]" (Id. at PAGEID 120, ¶ 12). Plaintiff's suit, in other words, is a factually baseless ruse designed to coerce Defendants into agreeing to sell the G Pen. (Id. at PAGEID 121, 122, ¶¶ 17-20, 25-26, 29-30). The alleged injuries for the three counterclaims are identical: "Defendants removed legally purchased items from their shelves in the amount of $80.00." (Id. at PAGEID 122, ¶ 31; see also id. at PAGIED 121, 122, ¶¶ 21, 27 (actual damages suffered by Defendants totaled $80.00).

On November 26, 2024, Plaintiff renewed its motion to dismiss the remaining counterclaims. Therein, Plaintiff sets forth the actions that constitute extortion under Ohio law:

> No person, with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act, shall do any of the following:
>
> (1) Threaten to commit any felony;
>
> (2) Threaten to commit any offense of violence;
>
> (3) Violate section 2903.21 or 2903.22 of the Revised Code [aggravated menacing and menacing];
>
> (4) Utter or threaten any calumny against any person;

3

> (5) Expose or threaten to expose any matter tending to subject any person to hatred, contempt, or ridicule, or to damage any person's personal or business repute, or to impair any person's credit.

(Doc. #21, PAGEID 134-35, quoting OHIO REV. CODE §2905.11(A)).

Plaintiff states that, after filing suit, it contacted Defendants and offered to settle the case "by offering a product purchase component as an alternative to the previously offered demand to pay damages." (Doc. #21, PAGEID 133). Plaintiff notes that the Court considered and rejected Defendants' argument with respect to the Original Counterclaim One, concluding that "Defendants' allegations that Plaintiff's complaints filed here and elsewhere being 'predominantly marketing brochures' with 'grandiose assertions about their products' and that the Plaintiff's offer to settle the case was a disguised marketing fee were not found to be false or defamatory statements without additional facts." (*Id.* at PAGEID 136, citing Doc. #18, PAGEID 115). Plaintiff argues that "[t]he only addition in the Amended Counterclaim [*sic*] seems to be the allegation that GS failed to provide any facts to indicate the Defendants' willful intent to violate GS's trademarks[,]" (*id.*, citing Doc. 19, PAGEID 121, ¶ 17), which is insufficient to make the claim plausible, since a mental state of willfulness is not required to sustain a Lanham Act trademark infringement claim. (*Id.*, citing 15 U.S.C. § 1117(c)). Rather, Plaintiff asserts, Defendants appear still to be using the existence of the Complaint and the allegations therein as the sole basis of their extortion claim. As this cannot form the basis of a viable extortion claim, Plaintiff argues that Counterclaim One must be dismissed. (*Id.* at PAGEID 137).

As to Amended Counterclaim Two, Abuse of Process, Plaintiff notes that this Court dismissed the Original Counterclaim because Defendants had alleged nothing more than Plaintiff filing numerous suits with a common core of operative facts, then proposing a licensing agreement as part of a settlement. In the absence of any allegations suggesting a corrupt or nefarious motive in filing suit, the Court concluded that Defendant had not set forth a plausible claim. (Doc. #21, PAGEID 139, quoting Doc. #18, PAGEID 115). Plaintiff argues that Amended Counterclaim Two still does not allege that it "misused legal proceedings for an ulterior purpose unrelated to their intended function." (*Id.*, citing *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 68 Ohio St. 3d 294, 298, 626 N.E.2d 115 (1994)). Indeed, Plaintiff claims, in the amended claim, Defendants accuse Plaintiff of nothing more than filing suit and seeking to resolve the matters as part of a comprehensive plan to protect its trademarks, which "is neither illegal nor improper." (*Id.* at PAGEID 140). Plaintiff asserts that, because Defendants have again failed to set forth a plausible abuse of process claim, Amended Counterclaim Two must be dismissed. (*Id.*).

Plaintiff argues that in Amended Counterclaim Three, Defendants have once again failed to satisfy Rule 9(b)'s particularity requirement by not identifying the "time, place, and contents of misrepresentation." (Doc. #21, PAGEID 140, citing FED.R.CIV.P. 9(b); *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). Specifically, Plaintiff claims that Defendants have failed to identify the fraudulent statement or concealment, who made the statement (aside from a

5

passing reference to an unnamed "Plaintiff's agent"), and when and where the statement was made; consequently, the fraud claim should be dismissed. (*Id.* at PAGEID 141-42). Finally, in the alternative, Plaintiff argues that Amended Counterclaims Two and Three's barebones incorporation by reference of previous claims is impermissible "shotgun pleading," and those claims should be dismissed for failing to put Plaintiff on reasonable notice of the gravamen of those claims and for failing to separate relief into separate counts. (*Id.* at PAGEID 142-43, quoting *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); citing FED.R.CIV.P. 8(a), 10(b); *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020)).

Defendants respond that Amended Counterclaim One plausibly alleged that Plaintiff, through alleging willful violations of the Sherman Act, "uttered a calumny and exposed these foreign [national Defendants] . . . to accusations of breaking the law and of acting in underhanded ways in their businesses; which allegations do fall within the description of extortion under [Ohio Rev. Code §] 2905.11(A)(5)." (Memo. in Opp., Doc. #23, PAGEID 150, citing Doc. #19, PAGEID 120-21, ¶¶ 13-19). As to Amended Counterclaim Two, they claim that Plaintiff's settlement demands ($15,000 licensing fee) are so disproportionate to the actual damages allegedly suffered ($80.00 worth of counterfeit product sold) that they raise the plausible inference that "[b]y making such an extortionate demand, the Plaintiff has demonstrated its intent to use the process of the court as an aid to extortion." (*Id.* at PAGEID 151). Defendants argue that their allegation that Plaintiff's agent,

6

"falsely, or at the very least, recklessly, without knowledge of their truth or falsity, with ulterior intent . . . accused the Counter Plaintiffs of willfully violating their trademarks[,] (*id*. at PAGEID 152), along with Defendants' attempt to negate the accusation, constituted a plausible claim for fraud. Thus, they claim, Amended Counterclaim Three should proceed. (*Id*.). Finally, Defendants argue that the facts alleged as part of Amended Counterclaim One form the basis for all three claims; thus, the incorporation by reference of those facts in Amended Counterclaims Two and Three was merely done for economy, and Plaintiff was still on notice of the facts underpinning those claims. Thus, they assert, the incorporation was not an impermissible "shotgun pleading." (*Id*. at PAGEID 152-53).

Plaintiff did not file a reply memorandum. The matter is now ripe for the Court's decision.

## II. Legal Standards

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In claims of fraud, however, "a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED.R.CIV.P. 9(b). The United States Court of Appeals for the Sixth Circuit has interpreted Rule 9(b) to require a claimant to specify the

"who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal quotation marks and citation omitted).

Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with

8

nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id*. at 679.

### III. Analysis

#### A. Amended Counterclaim One

As stated in the Court's previous Order, a colorable claim for extortion requires plausible allegations:

> [T]hat the person: (1) committed or threatened to commit a felony or crime of violence, (2) committed criminal menacing, (3) made false or defamatory statements, or (4) "Expose[d] or threaten[ed] to expose any matter tending to subject any person to hatred, contempt, or ridicule, or to damage any person's personal or business repute, or to impair any person's credit."

(Doc. #18, PAGEID 114, quoting OHIO REV. CODE 2905.11(A)). Earlier, in dismissing Counterclaim One, the Court noted that Defendant had done nothing more than: (1) "make a conclusory allegation that Plaintiff has 'engaged in a pattern of extortion and defamation against smokeshop owners,'" (*id*., quoting Doc. #6, PAGEID 33, ¶ 12); (2) claim that Plaintiff's Complaint is essentially a promotional brochure with grandiose statements about the G Pen; and (3) allege that Plaintiff filed suit as a means to induce a settlement that included a licensing agreement. (*Id*. at PAGEID 114-15). As Defendants had failed to identify any false or defamatory statement by Plaintiff, threat by Plaintiff toward Defendants or their immediate families, or action that would have exposed Defendants or their

9

business to "hatred, contempt, or ridicule," they had not plausibly alleged a plausible extortion claim. (*Id.*, citing OHIO REV. CODE § 2905.11).

Amended Counterclaim One includes additional allegations that Plaintiff has accused Defendants of willfully infringing on its trademark without any factual basis, and that these accusations "tend to damage the Defendants' personal or business repute[.]" (Doc. #19, PAGEID 120-21, ¶¶ 16-19). Defendants also expand on their allegation that the instant lawsuit is a smokescreen for Defendants to try to force Plaintiff into a business relationship. (*Id.* at PAGEID 121, ¶ 20).

Yet, Defendants still do not even identify the statements made, much less articulate how accusations of willful trademark infringement are an attempt by Defendants to commit a felony or crime of violence, or how those accusations exposed Defendants or their family members to physical harm. OHIO REV. CODE § 2905.11(A)(1-3). As stated previously, "any 'grandiose assertions' [by Plaintiff] would not be obvious falsehoods under defamation law[.]" (Doc. #18, PAGEID 114). To the extent that Defendants rely on Plaintiff's allegations of willful infringement from the Complaint (Doc. #1, PAGEID 11, ¶ 41) as the extortionate statements, "[i]t is beyond argument that statements made in pleadings filed in a judicial proceeding come within the rule of absolute privilege" from suit. *Theiss v. Scherer*, 396 F.2d 646, 649 (6th Cir. 1968) (applying Ohio law). Thus, those allegations may not form the basis of an extortion claim. Finally, Defendants have not alleged any way, other than through filing suit, that Plaintiff has subjected Defendants to ridicule or placed their business into ill-repute. Accordingly,

10

Defendants have again failed to make plausible allegations as to an essential element of an extortion claim, and Amended Counterclaim One must be dismissed.

### B. Amended Counterclaim Two

The Court dismissed the original abuse of process claim because "Defendants have alleged nothing more than Plaintiff filing numerous cases and then making settlement demands that contain licensing agreements therein." (Doc. #18, PAGEID 115, citing Doc. #6, PAGEID 35, ¶ 23). In Amended Counterclaim Two, Defendants expand on their previous allegation as follows:

> Plaintiff has used his civil filing herein, without any facts indicating a willful intent to violate their trademark that the Defendants willfully and intentionally violate their trademarks and in other federal cases in multiple states with the ulterior motive of forcing a business relationship and obtaining a licensing fee, foreclosing any discussion or negotiation of the business viability or reputation of Plaintiffs or the compatibility of Plaintiffs' products or amounts of such products commercially necessary to the Defendants' business[.]

(Doc. #19, PAGEID 122, ¶ 25). In so alleging, Defendants essentially argue that they are the latest targets in a countrywide plan by Plaintiff to coerce small businesses, such as Defendants, into contracting with Plaintiff to carry its products.

Taking Defendants' allegation as true, they still have failed to set forth a claim for abuse of process, which requires, among other elements, plausible allegations that the otherwise-valid legal "proceeding has been perverted to attempt to accomplish an ulterior motive *for which it was not designed*[.]" *SASC, LLC v. Sch. Supply Conn., Inc.*, 2024 WL 1091799, \*8 (emphasis added) (internal

11

quotation marks and citation omitted) (S.D. Ohio Mar. 13, 2024) (Rose, J.). Filing a lawsuit as an attempt to obtain a favorable settlement is precisely the purpose for which civil litigation is designed, "and [Plaintiff's] alleged conduct cannot be considered nefarious or tortious." (Doc. #18, PAGEID 115). Moreover, Defendants do not accuse Plaintiff of using threats of violence or illegal means to induce a business relationship between the parties. Rather, if Plaintiff has made a business relationship part of its settlement offer, and Defendants do not want to establish such a relationship, they are free to reject the offer and defend the case. In the absence of any allegations that Plaintiff has perverted the judicial process through its filing of the Complaint, Amended Counterclaim Two must be dismissed.

### C. Amended Counterclaim Three

The Court dismissed Original Counterclaim Four, common-law fraud, because Defendants had failed to "identify what accusations of trademark violation were made, when they were made, and by whom. Defendants have failed to put Plaintiff on notice of the gravamen of [their] claim, much less allege it with requisite particularity." (Doc. #18, PAGEID 116, citing *Sanderson*, 447 F.3d at 877). In Amended Counterclaim Three, Defendants allege that "Plaintiffs' agent stated to the Defendants that they had violated the Plaintiffs' trademarks[,] without determining the intent, knowledge or willfulness of Defendants[.]" (Doc. #19, PAGEID 122 ¶ 30).

The amended claim suffers from at least two defects. *First*, the above statement, without more, leaves unpleaded the "when, where, and how," of the

12

alleged fraud, and thus, fails to meet the particularity requirement of Rule 9(b). FED.R.CIV.P. 9(b); *Sanderson*, 447 F.3d at 877. *Second*, an Ohio law claim of fraud requires that the false representation or concealment of a material fact: (1) was made by Defendants with the intent of Plaintiff relying on it; (2) justifiably induced Plaintiff, in fact, to rely on the representation or concealment; and (3) resulted in Defendants being injured *as a result of that reliance*. *Ross v. PennyMac Loan Servs., LLC*, 761 F. App'x 491, 493 (6th Cir. 2019), quoting *Burr v. Bd. of Cnty. Comm'rs of Stark Cnty.*, 23 Ohio St. 3d 69, 73, 491 N.E.2d 1101 (1986). Here, there is no indication that Defendants relied upon any statement by Plaintiff's agent that they were willfully infringing Plaintiff's trademark, much less that they were injured. Indeed, Defendants' continued participation in this case show that they have rejected the substance of the alleged statement, rather than relying upon it. As Defendants' claim of fraud both fails to satisfy the pleading requirements and the essential elements of such a claim, the Court dismisses Amended Counterclaim Three.

### D. Dismissal with Prejudice

In dismissing the Original Counterclaims without prejudice, the Court stated "that Defendants should have one more chance to set forth colorable claims . . . pursuant to the structures of Rules 8(a) and 9(b)[.]" (Doc. #18, PAGEID 116, 117). Defendants have failed in their attempt to do so. The Court acknowledges that the standard for dismissal with prejudice in the Sixth Circuit is high, and that "dismissal with prejudice and without leave to amend is not appropriate unless it is

clear on *de novo* review that the complaint could not be saved by amendment." *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015). Yet, the Amended Counterclaims are so factually deficient and legally misguided that no amount of amendment would enable Defendants to set forth colorable claims of extortion, abuse of process, or fraud. Specifically, the alleged statements and actions claimed by Defendants to be tortious are all in connection with Plaintiff's filing and attempts to settle the instant lawsuit. Those statements are, as discussed, definitionally not actionable. Further amendment, in other words, would be futile and would put the Court and parties right back to the present position—litigating and sustaining a renewed motion to dismiss. *See, e.g.*, *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir .2014) ("Amending would be futile if a proposed amendment would not survive a motion to dismiss."). Accordingly, the Court dismisses the Amended Counterclaims (and Original Counterclaim Three, Civil RICO) with prejudice.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss (Doc. #21) is SUSTAINED. Defendants' Amended Counterclaims One (extortion), Two (abuse of process), and Three (fraud) and Original Counterclaim Three (Civil RICO) are DISMISSED WITH PREJUDICE. Judgment shall ultimately in favor of Plaintiff and against Defendants on those counterclaims. Plaintiff's Lanham Act claims against Defendants remain pending.

IT IS SO ORDERED.

March 18, 2025

*Walter H. Rice*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT