THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| IN RE: G PEN LITIG. : <br><br> THIS DOCUMENT PERTAINS TO: : <br> PLAINTIFF GS HOLISTIC, LLC, <br> AND DEFENDANTS HOUSE OF : <br> CIGAR SOUTH, INC., d/b/a <br> HOUSE OF CIGAR, AND DIAB <br> ELLAN. : | Case No. 1:23-cv-748 <br><br> Judge Walter H. Rice <br> Mag. Judge Michael R. Merz |

ORDER OVERRULING PLAINITIFF GS HOLISTIC, LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS HOUSE OF CIGAR SOUTH, INC., d/b/a HOUSE OF CIGAR, AND DIAB ELLAN (DOC. #41), TREATING DEFENDANTS' MEMORANDUM *CONTRA* (DOC. #47) AS A MOTION TO SET ASIDE DEFAULT, AND SUSTAINING SAID MOTION; CLERK'S ENTRY OF DEFAULT (NO. 2:23-CV-3811, DOC. #9) IS VACATED; DEFENDANTS ARE ORDERED, WITHIN FOURTEEN (14) DAYS OF ENTRY, TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT (NO. 2:23-CV-3811, DOC. #1); PLAINTIFF IS ORDERED, WITHIN FOURTEEN (14) DAYS OF ENTRY, TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO WHETHER TRADEMARKS NOS. 4,466,586; 4,470,963; AND 5,405,360 WERE VALID, ACTIVE, AND OWNED BY PLAINTIFF AT ALL RELEVANT TIMES IN THE LITIGATION, OR TO FILE A STIPULATION WITH DEFENDANTS AGREEING TO SAME; FAILURE TO SO MOVE OR STIPULATE WILL RESULT IN CAPTIONED MATTER PROCEEDING TO TRIAL

This case is before the Court on the Motion for Default Judgment of Plaintiff GS Holistic, LLC against Defendants House of Cigar South, Inc., d/b/a House of Cigar, and Diab Ellan. (No. 1:23-cv-748, Doc. #41). On November 13, 2023, Plaintiff filed its Complaint, accusing Defendants of infringing United States Trademark Registration Nos. 4,466,586; 4,470,963; and 5,405,360 ("G Pen Marks").

(*Id.* at PAGEID 226-27, citing No. 2:23-cv-3811, Doc. #1, PAGEID 3, 4, 5, ¶ 11(d),(f), (m)). A Clerk's Entry of Default was entered against Defendants on April 29, 2024. (No. 2:23-cv-3811, Doc. #9). On February 24, 2025, the Court consolidated this case with four others dealing with G Pen Marks infringement into the captioned parent case, *In re G Pen Litig.* (Order, No. 1:23-cv-748, Doc. #26).[1] At no point did Defendants answer or move with respect to the Complaint; nor did they respond to this Court's multiple exhortations for them to participate in the case. (Orders, Doc. #32; No. 2:23-cv-3811, Doc. #10).

Consequently, on June 11, 2025, the Court directed Plaintiff to move for default judgment against Defendants (Order, Doc. #38), and Plaintiff did so on June 25, 2025. (Doc. #41). On August 5, 2025, Defendants filed a memorandum *contra*, stating that they received what purported to be a single G Pen Snoop Dogg vaporizer as a sample from a vendor in 2018, and they sold the vaporizer for $51.01, below the suggested retail price, to Plaintiff's investigator on July 20, 2023. (Memo. in Opp., Doc. #47, PAGEID 746, citing D. Ellan Decl., Doc. #47-1, PAGEID 759, ¶¶ 17, 22-23). In both the memorandum *contra* and Plaintiff's reply, the parties focus on whether Defendants have met the standard to obtain relief from the Clerk's Entry of Default. (*Id.* at PAGEID 745-56; Reply, No. 2:23-cv-3811, Doc. #31, PAGEID 299-308). Thus, the undersigned properly treats Defendants' memorandum *contra* as a Motion to Set Aside Entry of Default.

---

[1] All subsequent docket references are to the consolidated case, No. 1:23-cv-748, unless otherwise specified.

2

Defendants set forth the standard for establishing good cause to set aside the default: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." (Doc. #47, PAGEID 745, citing *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006)). They argue that their conduct—a one-off sale of an item ancillary to its main business of selling cigars—is not culpable. (*Id.* at PAGEID 746, citing Doc. #47-1, PAGEID 758, ¶ 7). Defendants also assert that they have meritorious defenses: (1) lack of knowledge that they were selling a counterfeit product; (2) the Defendants are not so intertwined that the Court should pierce the corporate veil and hold Defendant Ellan personally responsible; and (3) Plaintiff's claim of damages ($100,000 for the sale of a single counterfeit vaporizer) is outrageous and disproportionate. (*Id.* at PAGEID 746-55). Finally, they argue that Plaintiff will not be prejudiced, since its business faces no ongoing pre-adjudication risk from Defendants, who do not sell vaporizers in their normal course of business. Thus, Defendants assert, there is no need for injunctive relief, and "[t]he only issues at bar for the Court to decide are the issues of liability and damages." (*Id.* at PAGEID 755-56, citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).

In reply, Plaintiff argues that Defendants' conduct was culpable, noting that Defendants were served on November 2023, and that their decision not to participate in the case for almost two years was not the product of neglect, but an active belief "that Plaintiff was not going to pursue a claim against Defendants for

3

the singular sale amounting to a total of $51.01." (Reply, No. 2:23-cv-3811, Doc. #31, PAGEID 300 (internal quotation marks omitted), quoting Doc. #47, PAGEID 746). Plaintiff further claims that none of Defendants' defenses is meritorious. *First*, the Lanham Act is a strict liability statute, meaning that whether Defendants knew the G Pen was counterfeit is irrelevant. (*Id.* at PAGEID 301, quoting *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 381 (6th Cir. 2006); *Taubman Co. v. Webfeats*, 319 F.3d 770, 775 (6th Cir. 2003)). Moreover, Plaintiff asserts, the circumstances surrounding Defendants' sale of the counterfeit vaporizer create a plausible inference that Defendants should have reasonably known that the vaporizer was not a legitimate G Pen, but failed to investigate. This "ostrich-like" behavior, Plaintiff argues, could constitute willful infringement even absent actual knowledge. (*Id.* at PAGEID 301-02, citing *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *H-D U.S.A., LLC v. Sunfrog, LLC*, 311 F. Supp. 3d 1000, 1039 (E.D. Wis. 2018)).

*Second*, Plaintiff argues that Defendant Ellan's willful blindness is sufficient for him to be personally liable for Lanham Act violations without Plaintiff needing to pierce the veil. (No. 2:23-cv-3811, Doc. #31, PAGEID 302-04, quoting *Simmons v. Cook*, 701 F. Supp. 2d 965, 989-90 (S.D. Ohio 2010) (Watson, J.); *Coach, Inc. v. Younes Corp.*, No. 11-11559, 2012 WL 4757925, *2 (E.D. Mich. Oct. 5, 2012)). *Third*, Plaintiff claims that its damages request of $132,708.40 is just, as it is "only a fraction of damages that would be available for non-willfull [*sic*] infringement, and less than 3% of the damages available for willful infringement[,]" is "well

4

within the range of awards that have been granted on a per mark basis[,]" and is supported by an expert report that calculates "what amount would sufficiently deter the Defendants and others similarly situated as it relates to the damage done here to the Plaintiff." (*Id.* at PAGEID 305, citing P. Multani Report, Doc. #41, PAGEID 354-79).

Finally, Plaintiff argues that it would be prejudiced if the Court were to overrule the Motion, as, contrary to Defendants' contention that it sold only one counterfeit vaporizer, Plaintiff's investigator saw several counterfeit vaporizers for sale. (No. 2:23-cv-3811, Doc. #31, PAGEID 307-08, citing Investigator Photos, Doc. #41, PAGEID 321-49). "This evidence supports the inference that the Defendants likely engaged in additional sales of counterfeit products, contrary to the Defendants' claim of having only one product given as a sample." (*Id.* at PAGEID 308).

The matter is now ripe for decision.

I. **Legal Standards**

"The court may set aside an entry of default for good cause[.]" FED.R.CIV.P. 55(c).

> When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

5

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006), quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Whether to set aside an entry of default is a matter of discretion. *See Shepard Claims Serv., Inc. v. Wm. Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (reviewing refusal to vacate entry of default for abuse of discretion). Nonetheless, there is a strong preference for adjudicating cases on their merits; "any doubts as to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2023 WL 2664417, *1 (S.D. Ohio Mar. 28, 2023) (internal quotation marks and citation omitted) (Marbley, C.J.)).

## II. Analysis

### A. Culpable Conduct

Plaintiff notes that Defendants failed participate in the case for more than eighteen months after they were served, believing that Plaintiff would not pursue litigation over a single sale of a counterfeit vaporizer, despite Plaintiff making and Defendants declining a settlement demand. (No. 2:23-cv-3811, Doc. #31, PAGEID 299-300). Plaintiff argues that "[t]he Defendants' inaction demonstrates a reckless disregard for the legal process, which is sufficient to establish culpability." (*Id.* at PAGEID 300).

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. "Culpable

6

conduct" is not merely careless conduct or inexcusable neglect. *Id.* Plaintiff does not argue that Defendants intentionally thwarted proceedings in this Court; nor could it reasonably so argue. Plaintiff's reckless disregard argument has some merit; despite Defendants claiming they were not aware of the lawsuit until Spring 2024 (D. Ellan Decl., Doc. #47-1, PAGEID 757, ¶ 4), the Returns of Service show that they were served on November 30, 2023. (No. 2:23-cv-3811, Returns of Service, Doc. #6, PAGEID 50; Doc. #6-1, PAGEID 52).

Defendants' repeated failures to participate in the case are inexcusable, and their explanations for their failures strain credulity. However, to conclude that *Defendants* exhibited reckless disregard for the judicial proceedings would be to ignore *Plaintiff's* conduct in this litigation. After serving Defendants, Plaintiff filed a Motion for Clerk's Entry of Default on April 26, 2024, (No. 2:23-cv-3811, Doc. #7), which the Clerk entered three days later. (Entry, No. 2:23-cv-3811, Doc. #9). Thereafter, Plaintiff undertook no action in the case for almost an entire year, including failing to respond to the Court's Order to Show Cause regarding consolidation. (No. 2:23-cv-3811, Doc. #10). Upon consolidation, Plaintiff's inaction continued, compelling the Court to order Plaintiff to show cause why a separate case within the consolidated litigation should not be dismissed for failure to effect timely service. (Order, Doc. #33). Indeed, despite the Entry of Default having been in effect since April 9, 2024, Plaintiff did not file the instant Motion until June 25, 2025 (Doc. #41), and did so only after the Court warned that failure to do so would result in the case proceeding to trial. (Order, Doc. #38, PAGEID

7

217). In sum, Plaintiff has been only slightly more diligent in prosecuting its claims than Defendants have been in defending against them. Thus, the Court concludes that Defendants' conduct was not culpable in the context of the captioned case.

### B.   Meritorious Defense

"In determining whether a defaulted defendant has a meritorious defense[,] likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (internal quotation marks and citations omitted). Defendants' raised defenses— lack of intent, no piercing of the corporate veil, and damages are disproportionate—are all facially valid and, if proven, would limit the liability of one or both Defendants. Plaintiff's arguments that "Defendants at least acted with willful blindness to the Plaintiff's rights" (No. 2:23-cv-3811, Doc. #31, PAGEID 301), and that that willful blindness is sufficient for Ellan to be personally liable, without resorting to piercing the veil (*id.* at PAGEID 302-03), are fact-intensive; when, as here, the arguments are disputed, cannot be resolved as a matter of law at this stage. Finally, as to Plaintiff's argument that its requested damages are "proportional and justified" (*id.* at PAGEID 304), even when a party is in default, the factual allegations in the Complaint are admitted only as to liability; the Court must conduct an independent inquiry as to damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). Thus, all three of the defenses raised by

8

Defendants are meritorious, and this factor weighs in favor of setting aside the default.

### C.  Prejudice to Plaintiff

As discussed above, Plaintiff argues that the counterfeit vaporizer at issue was just one of many counterfeit items that its investigator displayed for sale when he visited Defendants' store (No. 2:23-cv-3811, Doc. #31, PAGEID 307-08), and that the documents and deponents that Plaintiff needs to prove its claims may not be available, due to loss or destruction by Defendants. (*Id.* at PAGEID 308). Thus, Plaintiff claims, its ability to pursue claims against Defendants (or third-party suppliers) is severely limited due to Defendants' actions and inactions, and argues that a default is necessary to make Plaintiff whole and to protect Plaintiff's interests from further harm. (*Id.*).

Courts are loath to keep defaults in place based solely on prejudice. (*See Shepard Claims*, 796 F.2d at 194 ("when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.")). Also, Plaintiff is not prejudiced in the context of the consolidated case, when there is such factual overlap among the five sub-cases, and Plaintiff must prove liability and damages in its largely similar claims against Defendants Wireless & Smoke LLC, d/b/a Zaza Wireless & Smoke, and Mohammad Farhan. (*See* Order Sustaining Partial Motion for Summary Judgment, Doc. #49, PAGEID 768). In other words, Plaintiff would be pursuing nearly identical claims for nearly

9

identical relief, meaning that the prejudice would be minimal. Thus, Plaintiff will not be prejudiced by the default being set aside.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. #41) is OVERRULED, and Defendants' memorandum *contra*, treated as a Motion to Set Aside Default Judgment (Doc. #47), is SUSTAINED. The Clerk's Entry of Default (No. 2:23-cv-3811, Doc. #9) is VACATED. The Defendants are ORDERED to answer, move, or otherwise respond to Plaintiff's Complaint (No. 2:23-cv-3811, Doc. #1) within fourteen (14) days of entry. Also within fourteen (14) days of entry, Plaintiff is ORDERED to file a motion for partial summary judgment as to whether the G Pen Marks were valid, active, and owned by plaintiff at all relevant times in the litigation, or to file a stipulation with defendants agreeing to same.

The captioned case shall be set for trial on the issues of liability and damages.

IT IS SO ORDERED.

October 8, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT