THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| IN RE: G PEN LITIG. | : |
| | : Case No. 1:23-cv-748 |
| THIS DOCUMENT PERTAINS TO: PLAINTIFF GS HOLISTIC, LLC, AND DEFENDANTS EAST MAIN CONNECTION LLC, d/b/a EAST MAIN CONNECTION, AND FADEL QENDAH. | : Judge Walter H. Rice<br>Mag. Judge Michael R. Merz |

ORDER OVERRULING PLAINITIFF GS HOLISTIC, LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS EAST MAIN CONNECTION LLC, d/b/a EAST MAIN CONNECTION, AND FADEL QENDAH (DOC. #42), TREATING DEFENDANTS' MEMORANDUM *CONTRA* AND MOTION TO DISMISS COMPLAINT (NO. 3:23-cv-350, DOC. #27) AS A MOTION TO SET ASIDE ENTRY OF DEFAULT AND TO DISMISS, AND SUSTAINING SAID MOTION AS TO SETTING ASIDE DEFAULT BUT OVERRULING WITHOUT PREJUDICE AS TO MOTION TO DISMISS; CLERK'S ENTRY OF DEFAULT (NO. 3:23-cv-350, DOC. #9) IS VACATED; COUNSEL FOR DEFENDANTS SHALL, WITHIN (7) DAYS OF ENTRY, INFORM COUNSEL FOR PLAINTIFF WHETHER HE AGREES TO ACCEPT SERVICE ON BEHALF OF DEFENDANTS; IF COUNSEL AGREES, THEN PLAINTIFF MUST SERVE DEFENDANTS WITHIN SEVEN (7) DAYS OF AGREEMENT; IF COUNSEL REFUSES, THEN PLAINTIFF MUST SERVE DEFENDANTS WITHIN THIRTY (30) DAYS OF REFUSAL, OR OBTAIN A WAIVER; DEFENDANTS ARE ORDERED, WITHIN FOURTEEN (14) DAYS OF SERVICE OR TWENTY-ONE (21) DAYS OF WAIVER, TO ANSWER PLAINTIFF'S COMPLAINT (NO. 3:23-cv-350, DOC. #1); PLAINTIFF IS ORDERED, WITHIN FOURTEEN (14) DAYS OF SERVICE OR WAIVER, TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO WHETHER TRADEMARKS NOS. 4,466,586; 4,470,963; AND 5,405,360 WERE VALID, ACTIVE, AND OWNED BY PLAINTIFF AT ALL RELEVANT TIMES IN THE LITIGATION, OR TO FILE A STIPULATION WITH DEFENDANTS AGREEING TO SAME

This case is before the Court on the Motion for Default Judgment of Plaintiff GS Holistic, LLC against Defendants East Main Connection LLC, d/b/a East Main Connection ("East Main"), and Fadel Qendah. (No. 1:23-cv-748[1], Doc. #42). On November 27, 2023, Plaintiff filed its Complaint, accusing Defendants of infringing United States Trademark Registration Nos. 4,466,586; 4,470,963; and 5,405,360 ("G Pen Marks"). (*Id.* at PAGEID 386-87, citing No. 3:23-cv-350, Doc. #1, PAGEID 3, 4, 5, ¶ 11(d),(f), (m)). A Clerk's Entry of Default was entered against Defendants on March 25, 2024. (No. 3:23-cv-350, Doc. #9). On February 24, 2025, the Court consolidated this case with four others dealing with G Pen Marks infringement into the captioned parent case, *In re G Pen Litig.* (Order, Doc. #26). At no point did Defendants answer or move with respect to the Complaint.

Consequently, on June 11, 2025, the Court directed Plaintiff to move for default judgment against Defendants (Order, Doc. #38), and Plaintiff did so on June 25, 2025. (Doc. #42). On August 5, 2025, Defendants filed a combined memorandum *contra*, which the Court construes as a Motion to Set Aside Default, and Motion to Dismiss for failure to effect timely service. (No. 3:23-cv-350, Doc. #27). Therein, Defendants evaluate Plaintiff's claim that Plaintiff's process server, Antonio Green, served two copies of the Complaint and summons to Defendant Qendah, in his capacity both as an individual and as Defendant East Main's statutory agent, on December 27, 2023. (*Id.* at PAGEID 232, citing F. Qendah

---

[1] Unless otherwise specified, all docket references are to the consolidated case, No. 1:23-cv-748.

2

Return of Serv., No. 3:23-cv-350, Doc. #6; East Main Return of Serv., No. 3:23-cv-350, Doc. #6-1). Defendants note that in his affidavit regarding service upon Qendah, Green "describe[d] Mr. Qendah as male, Arabic, forty years old, 5'9" tall, 180 lbs., with black hair." (*Id.*, citing No. 3:23-cv-350, Doc. #6, PAGEID 50). However, in his affidavit regarding service upon East Main, Green "describe[d] Mr. Qendah as male, Arabic, *fifty* years old, *5'7", 200 lbs.,* with black hair." (*Id.* (emphasis in original), citing No. 3:23-cv-350, Doc. #6-1, PAGEID 52). Moreover, Qendah avers that, while he owns East Main: he has never worked on site, he was not at East Main on any date between December 24, and he has not, to his knowledge, ever interacted with Green. (*Id.* at PAGEID 232-33, citing F. Qendah Aff., No. 3:23-cv-350, Doc. #27-1, PAGEID 238, ¶¶ 2-3).

Further, Defendants claim that the store location of East Main is not its legal address for service of process, and that no East Main employee is authorized to accept service on behalf of East Main. (No. 3:23-cv-350, Doc. #27, PAGEID 233, citing No. 3:23-cv-350, Doc. #27-1, PAGEID 239, ¶ 12). Finally, Defendants argue that no East Main employee ever informed Qendah of the lawsuit, and that Qendah was unaware of the suit until a third party (whose identity Defendants do not disclose) told him on July 1, 2025, that Defendants had been named in a lawsuit. At that point, Defendants assert, Qendah obtained the copy of the Motion for Default Judgment that had been mailed to the East Main store; upon receiving that copy, he retained counsel and filed the combined Motion to Set Aside and to Dismiss. (*Id.*, citing No. 3:23-cv-350, Doc. #27-1, PAGEID 238, ¶¶ 4-7).

3

Defendants argue that the above demonstrates that Qendah was never served, because the Complaint and summons were never sent to his personal address, and Plaintiff has offered no proof that Qendah was the person Green purported to serve on December 27, 2023. (No. 3:23-cv-350, Doc. #27, PAGEID 233-34, citing FED.R.CIV.P. 4(c)(1-2), (e)(2); OHIO CIV.R. 4, 4.1; *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *see also* No. 3:23-cv-350, Doc. #27-1, PAGEID 238, ¶8 ("I [(Qendah)] have never been served, . . . nor have I in any way received a copy of any Summons or Complaint in this matter.")). Similarly, Defendants argue that East Main was never properly served, because Qendah is the sole officer or person authorized to receive service of process, and Plaintiff did not send the Complaint and summons to Qendah or East Main's business address. (*Id.* at PAGEID 235-36, quoting FED.R.CIV.P. 4(e)(1), (h)(1)(A-B); OHIO CIV.R. 4.2(F); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999) (Spiegel, J.); citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994)). Further, Defendants assert, any attempt to serve East Main by tagging Qendah was ineffective, because the man Green purported to serve was, in fact, not Qendah. (*Id.* at PAGEID 236). Defendants argue that, because Plaintiff failed to serve either Qendah or East Main within the time specified by Rule 4(m),"dismissal would be more than appropriate at this time." (*Id.*, citing FED.R.CIV.P. 4(m)).

Plaintiff argues that Green tagging Qendah with the Complaint and summonses against Qendah and East Main at East Main's store location was valid service, since Qendah is East Main's registered agent. (Reply, No. 3:23-cv-350,

4

Doc. #28, PAGEID 251, citing FED.R.CIV.P. 4(e)(2)(B), (h)(1)(B)). Plaintiff also claims that Green's affidavits establish a presumption of valid service, and that Qendah's bare statements are not enough to overcome the presumption of validity. (*Id.* at PAGEID 251-52, quoting *Thomas v. Uber Techs., Inc.*, No. 3:24-cv-440, 2025 WL 1317123, 4 (W.D. Ky. Mar. 18, 2025), *report and recommendation adopted at* 2025 WL 1481898 (W.D. Ky. May 22, 2025); citing *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017-18 (E.D. Mich. 2002)). Plaintiff asserts that, because service was proper and Defendants advance no other good cause to set aside the Clerk's Entry of Default, its Motion for Default Judgment should be sustained. (*Id.* at PAGEID 252-53). Alternatively, Plaintiff requests that the Court extend time for Plaintiff to perfect service. (*Id.* at PAGEID 253, quoting FED.R.CIV.P. 4(m)).

Defendants have not filed a reply memorandum in support of their Motion to Dismiss, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2). The matter is ripe for decision.

## I. Legal Standards

"The court may set aside an entry of default for good cause[.]" FED.R.CIV.P. 55(c).

> When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

5

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006), quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992). Whether to set aside an entry of default is a matter of discretion. *See Shepard Claims Serv., Inc. v. Wm. Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (reviewing refusal to vacate entry of default for abuse of discretion). Nonetheless, there is a strong preference for adjudicating cases on their merits; "any doubts as to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2023 WL 2664417, *1 (S.D. Ohio Mar. 28, 2023) (internal quotation marks and citation omitted) (Marbley, C.J.)).

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m).

## II. Motion for Default

### A. Culpable Conduct

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. "Culpable conduct" is not merely careless conduct or inexcusable neglect. *Id.* Plaintiff does not argue that Defendants intentionally thwarted proceedings in this Court; nor could it reasonably so argue. As to reckless disregard, Plaintiff claims that

6

Defendants had proper notice of Plaintiff's claims for almost eighteen months, yet did nothing to attempt to participate in the lawsuit. (Doc. #42, PAGEID 384). However, given that Green purportedly served Qendah twice at 3:40 p.m. on December 27, 2023, but described Qendah in one return of service as fifty years old, 5'7", and 200 lbs., and in the other as forty years old, 5'9", and 180 lbs. (Doc. #6, PAGEID 50; Doc. #6-1, PAGEID 52), it is unclear whether Plaintiff ever effected service.

Moreover, to conclude that *Defendants* exhibited reckless disregard for the judicial proceedings would be to ignore *Plaintiff's* conduct in this litigation. Plaintiff filed a Motion for Clerk's Entry of Default on March 21, 2024 (No. 3:23-cv-350, Doc. #7), which the Clerk entered four days later. (No. 3:23-cv-350, Doc. #9). Thereafter, Plaintiff undertook no action in the case for more than a year, including failing to respond to the Court's Order to Show Cause regarding consolidation. (No. 3:23-cv-350, Doc. #10). Upon consolidation, Plaintiff's inaction continued; despite the Entry of Default having been in effect since March 25, 2024, Plaintiff did not file the instant Motion until June 25, 2025 (Doc. #42), and did so only after the Court warned that failure to do so would result in the case proceeding to trial. (Doc. #38, PAGEID 217). In light of the above, the Court concludes that Defendants' conduct was not culpable.

7


### B.   Meritorious Defense

Defendants did not specifically advance any defense to Plaintiff's claims, much less a meritorious one. Consequently, the second factor weighs against setting aside the default.

### C.   Prejudice to Plaintiff

Courts are loath to keep defaults in place based solely on prejudice. *See Shepard Claims*, 796 F.2d at 194 ("when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."). Also, Plaintiff is not prejudiced in the context of the consolidated case, when there is such factual overlap among the sub-cases, and Plaintiff must prove liability and damages in its largely similar claims against Defendants Wireless & Smoke LLC, d/b/a Zaza Wireless & Smoke, and Mohammad Farhan. (*See* Order Sustaining Partial Motion for Summary Judgment, Doc. #49, PAGEID 768). In other words, Plaintiff would be pursuing nearly identical claims for nearly identical relief, meaning that the prejudice would be minimal. Thus, Plaintiff will not be prejudiced by the default being set aside.

### D.   Conclusion

While the second factor, meritorious defense, weighs against setting aside the default, the first and third factors, culpable conduct and prejudice, respectively, weigh heavily in favor of setting aside. Given this balance, along with the above-stated strong preference for resolving cases on the merits,

Defendants have shown good cause to vacate the default. Accordingly, Plaintiff's Motion for Default Judgment is OVERRULED, Defendant's Motion is SUSTAINED to the extent that it seeks to set aside the default, and the Clerk's Entry of Default is VACATED.

### III. Motion to Dismiss

Although, as discussed above, the Court is unsure that Plaintiff effected service against Defendants, Plaintiff and the Court were unaware of any potential defect in service until July 2025. This lack of knowledge constitutes good cause for any failure to serve, and, consequently, the Court must extend the time for Plaintiff to serve Defendants. FED.R.CIV.P. 4(m) Accordingly, Defendants' Motion is OVERRULED to the extent it seeks dismissal under Rule 4(m), and the parties will proceed as set forth below.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. #42) is OVERRULED, and Defendants' memorandum *contra*, treated as a Motion to Set Aside Default and to Dismiss (No. 3:23-cv-350, Doc. #27), is SUSTAINED to the extent it seeks to set aside the Entry of Default, and OVERRULED WITHOUT PREJUDICE to the extent it seeks to dismiss the Complaint. (No. 3:23-cv-350, Doc. #1). The Clerk's Entry of Default (No. 3:23-cv-350, Doc. #9) is VACATED. The Court ORDERS the following:

1. Within seven (7) days of entry, counsel for Defendants shall inform counsel for Plaintiff whether he agrees to accept service on behalf of Defendants;

9

2. If counsel indicates that he will accept service, then Plaintiff shall serve Defendants within seven (7) days of such indication. If counsel refuses to accept service, then Plaintiff will have thirty (30) days from that refusal to serve Defendants or obtain a waiver of service, to which Defendants have indicated they would agree (Doc. #27, PAGEID 237);

3. Defendants shall answer, move, or otherwise respond to the Complaint within fourteen (14) days of service or twenty-one (21) days of waiver; and

4. Also within fourteen (14) days of service, Plaintiff shall file a motion for partial summary judgment as to whether the G Pen Marks were valid, active, and owned by plaintiff at all relevant times in the litigation, or file a stipulation with Defendants agreeing to same

The captioned case shall be set for trial on the issues of liability and damages.

IT IS SO ORDERED.

October 27, 2025

_Walter N. Rice_
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT