THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| IN RE: G PEN LITIG. : | |
| : | |
| THIS DOCUMENT PERTAINS TO: : <br> PLAINTIFF GS HOLISTIC, LLC, <br> AND DEFENDANTS HOUSE OF <br> CIGAR SOUTH INC., d/b/a : <br> HOUSE OF CIGAR, DIAB ELLAN, <br> EAST MAIN CONNECTION LLC, : <br> d/b/a EAST MAIN CONNECTION, <br> AND FADEL QENDAH | Case No. 1:23-cv-748 <br><br> Judge Walter H. Rice <br> Mag. Judge Michael R. Merz |

ORDER SUSTAINING PLAINTIFF GS HOLISTIC, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING VALIDITY, ACTIVITY, AND OWNERSHIP OF ITS TRADEMARKS AS AGAINST DEFENDANTS HOUSE OF CIGAR SOUTH INC., d/b/a HOUSE OF CIGAR, AND DIAB ELLAN (DOC. #55), AND OVERRULING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS EAST MAIN CONNECTION LLC, d/b/a EAST MAIN CONNECTION, AND FADEL QENDAH (DOC. #59); JUDGMENT SHALL UTLIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST THE ELLAN DEFENDANTS THAT TRADEMARKS NOS. 4,466,586; 4,470,963; AND 5,405,360 WERE VALID, ACTIVE, AND OWNED BY PLAINTIFF AT ALL RELEVANT TIMES IN THE LITIGATION; ADDITIONAL REQUIREMENTS FOR PARTIES SET FORTH HEREIN

This case is before the Court based on its previous Orders directed at Plaintiff GS Holistic, LLC, and Defendants House of Cigar South Inc., d/b/a House of Cigar, and Diab Ellan (collectively "Ellan Defendants") (Doc. #52[1]) and Plaintiff and Defendants East Main Connection LLC, d/b/a East Main Connection ("East

---

[1] All docket references are to consolidated Case No. 1:23-cv-748 unless otherwise expressly stated.

Main"), and Fadel Qendah (collectively "Qendah Defendants"). (Doc. #56). The Court is also reviewing Plaintiff's Motions for Partial Summary Judgment against the Ellan Defendants (Ellan Motion, Doc. #55) and Qendah Defendants (Qendah Motion, Doc. #59) regarding whether United States Trademarks Nos. 4,466,586; 4,470,963; and 5,405,360 ("G Pen Marks") were valid, active, and owned by Plaintiff at all relevant times in the litigation.

Plaintiff filed its Complaints against the Ellen Defendants and Qendah Defendants on November 13, 2023, and November 27, 2023, respectively. (No. 2:23-cv-3811, Doc. #1; No. 3:23-cv-350, Doc. #1). Both cases were ultimately consolidated with the other cases before the undersigned concerning virtually identical trademarks registered with the United States Patent and Trademarks Office ("USPTO") (collectively "G Pen Marks") in the above-captioned litigation. (Order, Doc. #26). At no point prior to or after consolidation did the Ellan or Qendah Defendants answer the Complaint or otherwise participate in the litigation.

Subsequently, on June 25, 2025, Plaintiff filed Motions for Default Judgment against the Ellan Defendants (Doc. #41) and Qendah Defendants (Doc. #42). Shortly thereafter, counsel appeared for both sets of Defendants. (Notices of Appearance, Docs. #45, 46). On October 8, 2025, the Court overruled the Ellan Default Motion, and ordered, within fourteen days of entry, the Ellan Defendants "to answer, move, or otherwise respond to Plaintiff's Complaint[.]" (Doc. #52, PAGEID 783, citing Compl., No. 2:23-cv-3811, Doc. #1). The Court further ordered

2

Plaintiff "to file a motion for partial summary judgment as to whether the G Pen Marks were valid, active, and owned by plaintiff at all relevant times in the litigation, or to file a stipulation with defendants agreeing to same." (*Id.*). The parties did not file a stipulation, and the Ellan Defendants never filed an answer. On October 22, 2025, Plaintiff moved for summary judgment on the issues of validity and ownership of United States Trademarks Nos. 4,466,586; 4,470,963; and 5,405,360 ("G Pen Marks"). (Doc. #55). The Ellan Defendants did not file a memorandum *contra*, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2).

On October 27, 2025, the Court overruled Plaintiff's Default Motion against the Qendah Defendants and ordered the following:

1. Within seven (7) days of entry, counsel for Defendants shall inform counsel for Plaintiff whether he agrees to accept service on behalf of Defendants;

2. If counsel indicates that he will accept service, then Plaintiff shall serve Defendants within seven (7) days of such indication. If counsel refuses to accept service, then Plaintiff will have thirty (30) days from that refusal to serve Defendants or obtain a waiver of service, to which Defendants have indicated they would agree;

3. Defendants shall answer, move, or otherwise respond to the Complaint within fourteen (14) days of service or twenty-one (21) days of waiver; and

4. Also within fourteen (14) days of service. Plaintiff shall file a motion for partial summary judgment as to whether the G Pen Marks were valid, active, and owned by plaintiff at all relevant times in the litigation, or file a stipulation with Defendants agreeing to same[.]

(Doc. #56, PAGEID 821-22). There is no indication if the parties fulfilled paragraphs one and two. Nor have Plaintiffs filed a return of service or executed waiver. Moreover, Defendants never answered the Complaint. However, on November 17, 2025, Plaintiff filed a Motion for Partial Summary Judgment against the Qendah Defendants, on the same grounds and with the same supporting materials as in the Ellan Motion. (Doc. #59). The Qendah Defendants did not file a memorandum *contra*, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2).

I.  **Legal Standards**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for

5

some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however, the court may also consider other properly presented materials in the record. FED.R.CIV.P. 56(c)(3).

## II. Analysis

### A. Ellan Defendants

On March 21, 2024, Plaintiff filed Affidavits of Service, wherein its process server averred that he served Ellan in his personal capacity and as the registered agent for House of Cigar on or about November 30, 2023. (No. 2:23-cv-3811, Doc. #6, PAGEID 50-51; Doc. #6-1, PAGEID 52-53). Defendants have never argued that service was improper, and thus, have not rebutted the presumption of valid service. OHIO CIV.R. 4.1(B)(2), 4.3(B)(2); *see also* FED.R.CIV.P. 4(e)(1) (federal courts generally adhere to state law rules on service); *Belovich v. Crowley*, 8th Dist. Cuyahoga No. 109523, 2021-Ohio-2039, ¶ 31 (Jun. 17, 2021) (internal quotation marks and citation omitted) ("There is a rebuttable presumption of proper service when the civil rules governing service are followed."). Moreover, their trial attorney had appeared and participated in the captioned matter, meaning that he received notifications via the Court's Case Management/Electronic Case Filing system. Consequently, Defendants were on notice both of their obligation to answer the Complaint (Doc. #52, PAGEID 783) and of Plaintiff filing the Ellan Motion for Partial Summary Judgment. Yet, the Ellan Defendants did not file an answer or memorandum *contra* that Motion.

While the Ellan Defendants are not required to file such a memorandum, their failure to do so is dispositive as to the Ellan Motion. Plaintiff presents substantial, valid, and undisputed evidence that the G Pen Marks Nos. 4,466,586; 4,470,963; and 5,405,360 are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the G Pen Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #55-1, PAGEID 801, ¶¶ 7-8, citing Assignment of Marks, Doc. #55-2, PAGEID 804-06; Marks, Doc. #55-2, PAGEID 807-12).

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted). By not filing a memorandum *contra*, Defendants do not challenge the validity of the G Pen Marks; nor do they dispute Plaintiff's statements that the G Pen Marks were active and owned by Plaintiff at all relevant times in the litigation. (Doc. #55-1, PAGEID 802, ¶ 15). As there is no dispute, much less a material one, over ownership, activity, or validity of the G Pen Marks, Plaintiff's Motion for Partial Summary Judgment (Doc. #55) is SUSTAINED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants that G Pen Marks Nos. Nos. 4,466,586; 4,470,963; and 5,405,360 have

been continuously valid, active, and assigned to Plaintiff at all relevant points in the litigation.

The Ellan Defendants were served in this case more than two years ago (No. 2:23-cv-3811, Docs. #6, 6-1); yet, even after being given a lifeline more than two months ago by the Court vacating the Clerk's Entry of Default (Doc. #52), Defendants failed to file an answer, much less within the timeframe set forth by the Court. (*Id.* at PAGEID 783) In the interest of moving this consolidated litigation toward a merits resolution, the Ellan Defendants are ORDERED to answer the Complaint (No. 2:23-cv-3811, Doc. #1) within FOURTEEN (14) days of entry. Failure to do so will result in all factual allegations contained in the Complaint being deemed admitted.

### B. Qendah Defendants

As discussed in the Court's previous Order, the Qendah Defendants argued and supported with evidence that they were never served with the Complaint. (Doc. #56, PAGEID 816, quoting F. Qendah Decl., No. 3:23-cv-350, Doc. #27-1, PAGEID 238, ¶ 8). The Court noted that Plaintiff's process server "purportedly served Qendah twice[,]" both individually and as East Main's registered agent, "at 3:40 p.m. on December 27, 2023, but described Qendah in one return of service as fifty years old, 5'7", and 200 lbs., and in the other as forty years old, 5'9", and 180 lbs." (Doc. #56, PAGEID 819, citing No. 3:23-cv-350, Doc. #6, PAGEID 50; Doc. #6-1, PAGEID 52). From that, the Court concluded that "it is unclear whether Plaintiff ever effected service" against the Qendah Defendants. (*Id.*). Thus, before the

8

litigation could move forward, the Court set forth timeline for: Plaintiff to complete service, the Qendah Defendants to answer the Complaint, and Plaintiff to move for partial summary judgment, the latter of which was to occur within fourteen days of service or waiver. (*Id.* at PAGEID 821-22). However, Plaintiff did not file new, proper affidavits of service or waivers thereof, despite Defendants indicating their willingness to waive service. (*Id.* at PAGEID 822, citing Motion to Set Aside, No. 3:23-cv-350, Doc. #27, PAGEID 237). In sum, Plaintiff has failed to make the required showing that it satisfied the prerequisite for moving for summary judgment. Consequently, the Qendah Motion (Doc. #59) must be overruled as premature.

While Plaintiff may renew that Motion subject to the schedule that shall be set forth for the consolidated litigation, the Court first must be satisfied that service or waiver has been effected. Accordingly, within FOURTEEN (14) days of Entry, Plaintiff must file with the Court executed affidavits of service or waivers of service. Failure to do so will result in dismissal of the Complaint as against Qendah Defendants for failure to serve. FED.R.CIV.P. 4(m).

### III. Conclusion

For the foregoing reasons, Plaintiff's Ellan Motion (Doc. #55) is SUSTAINED and its Motion against the Qendah Motion (Doc. #59) is OVERRULED WITHOUT PREJUDICE to renewal pursuant to the forthcoming litigation schedule for the consolidated case. Additionally, the Court ORDERS the following:

9

1. The Ellan Defendants must answer, move, or otherwise respond to the Complaint (No. 2:23-cv-3811, Doc. #1) within FOURTEEN (14) days of entry. Failure to do so WILL RESULT in all factual allegations in the Complaint being deemed conclusively admitted as against the Ellan Defendants.

2. Plaintiff must file with the Court proper affidavits of service or executed waivers thereof as to the Qendah Defendants within FOURTEEN (14) days of entry. Failure to do so WILL RESULT in dismissal of the Complaint against the Qendah Defendants for failure to serve. FED.R.CIV.P. 4(m).

3. Pursuant to the Court's previous Order (Doc. #56, PAGEID 822), the Qendah Defendants shall answer, move, or otherwise respond to the Complaint within FOURTEEN (14) days of service or TWENTY-ONE (21) days of waiver. Failure to do so WILL RESULT in all factual allegations in the Complaint being deemed conclusively admitted as against the Qendah Defendants.

The captioned case shall be set for trial on the issues of liability and damages.

IT IS SO ORDERED.

December 22, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT